**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Ramon M. REYES–SANCHEZ, Defendant–Appellee.**

No. 05–4040.

United States Court of Appeals, Seventh Circuit.

Submitted July 29, 2006.

Decided Aug. 15, 2006.

Kelly B. Watzka, Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellant.

Calvin R. Malone, Federal Defender Services of Eastern Wisconsin, Inc., Milwaukee, WI, for Defendant–Appellee.

Before Hon. RICHARD D. CUDAHY, Circuit Judge, Hon. FRANK H. EASTERBROOK, Circuit Judge, Hon. DANIEL A. MANION, Circuit Judge.

**Order**

The district court gave Ramon Miguel Reyes–Sanchez a sentence substantially below the range recommended by the Sentencing Guidelines, and the United States has appealed.

The district judge's principal consideration was that the Attorney General has not authorized a "fast track" sentencing program for immigration offenses in the Eastern District of Wisconsin. After the district court sentenced Reyes–Sanchez, however, we held that this is not a proper ground for reducing a sentence. See *United States v. Galicia–Cardenas,* 443 F.3d 553 (7th Cir.2006); see also *United States v. Martinez–Martinez,* 442 F.3d 539 (7th Cir.2006).

The district judge suggested that his decision had been influenced in part by a belief that lower sentences given to defendants in other districts create unacceptable disparity and that the Guidelines give too much weight to prior convictions. We held in *United States v. Boscarino,* 437 F.3d 634, 638 (7th Cir.2006), another decision released after Reyes–Sanchez was sentenced, that considerations of "disparity" do not authorize sentences below the Guideline range (because such sentences increase rather than reduce aggregate disparity). Similarly, we have held that a judge's disagreement with how either federal statutes or the Guidelines treat recidivist enhancements does not justify lower sentences. See, e.g., *United States v. Duncan,* 413 F.3d 680, 683 (7th Cir.2005).

Although *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), gives district judges additional discretion in sentencing, that discretion must be exercised against the background of legal rules that influence sentences; nothing in *Booker* changes the applicable substantive rules. See, e.g., *United States v. Miller*, 450 F.3d 270 (7th Cir.2006).

The judgment of the district court is vacated, and the case is remanded for resentencing consistent with this order and the opinions cited here.